UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL D. MILAM,

    Plaintiff,

v.

PIERCE COUNTY *et al.*,

    Defendants.

Case No. C05-5842FDB

ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff has applied for and received *in forma pauperis* status. (Dkt. # 7).

    In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

    This action appears to challenge the propriety of charges filed in superior court and plaintiff

ORDER
Page - 1

asks for dismissal of that criminal case in this case.  He also complains of retaliation by unnamed defendants.  Generally, the federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See Younger v. Harris, 401 U.S. 37, 45- 46 (1971);  see also Fort Belknap Indian Community v. Mazurek, 43 F.3d 428, 431 (9th Cir.1994), cert. denied, 116 S.Ct. 49 (1995) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues); World Famous Drinking Emporium v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir.1987)(Younger  abstention doctrine applies when the following three conditions exist: (1) ongoing state judicial proceeding;  (2) implication of an important state interest in the proceeding;  and (3) an adequate opportunity to raise federal questions in the proceedings).

    Only in the most unusual circumstances is a petitioner entitled to have the federal court provide intervene by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.  Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir.1972).  See Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.), cert. denied,  449 U.S. 1014 (1980). Extraordinary circumstances exist where irreparable injury is both great and immediate, for example where the state law is flagrantly and patently violative of express constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief. Younger, 401 U.S. at 46, 53-54.

    Plaintiff is ordered to show cause on or before **March 11th, 2006** why this action should not be dismissed

    The clerk is directed to send a copy of this order to plaintiff and to note the **March 11th, 2006** due date on the court's calendar.

DATED this 8th day of February, 2006.

                                             */S/ J. Kelley Arnold*
                                             J. Kelley Arnold
                                             United States Magistrate Judge