1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL D. MILAM,

      Plaintiff,

  v.

PIERCE COUNTY *et al.*,

      Defendants.

Case No.  C05-5842FDB

ORDER TO FILE A SECOND AMENDED COMPLAINT AND STRIKING ALL PENDING MOTIONS

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Plaintiff has applied for and received *in forma pauperis* status. (Dkt. # 7).

    This action was first filed in late December of 2005.  In January of 2006 plaintiff was granted *in forma pauperis* status.  (Dkt. # 7).  The original complaint is not a model of clarity and it appeared to the court plaintiff was attacking an ongoing criminal prosecution. Plaintiff complained of a warrant allegedly issued by the Pierce County Prosecutors Office.  (Dkt. # 8).

    The court entered an order to show cause.  (Dkt. # 11).  In response plaintiff has filed an amended complaint.  (Dkt. # 13).  In the amended complaint plaintiff indicates he was offered some kind of settlement by Pierce County and again mentions a "warrant" but plaintiff is not providing

ORDER
Page - 1

enough detail for the court to determine if he has stated a claim and the complaint should be served or if he is challenging an on going criminal prosecution.

A court should not dismiss a claim unless it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. <u>Keniston v. Roberts</u>, 717 F.2d 1295, 1300 (9th Cir. 1983), <u>citing</u>; <u>Conley v. Gibson</u>, 355 U.S. 41, 45-56 (1957). Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. <u>Balistreri v. Pacifica Police Department</u>, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. <u>Keniston v. Roberts</u>, 717 F.2d 1295 (9th Cir. 1983). However, a plaintiff must plead factual allegations with specificity; vague and conclusory allegations fail to state a claim for relief. <u>Colburn v. Upper Darby Township</u>, 838 F.2d 663, 666 (3rd Cir. 1988).

The lack of detail in the complaints precludes a determination as to whether plaintiff may proceed. Plaintiff is ordered to file a "Second Amended Complaint". Plaintiff will inform the court who issued the "warrant" what the warrant was for, and what happened regarding the warrant. It could be plaintiff is referring to a detainer. Plaintiff will have until **April 28th, 2006** to file the second amended complaint.

Plaintiff has filed a "motion for summary judgment" and a "motion for sanction". (Dkt. # 5 and 12). Neither motions will be considered by the court at this point in the litigation. Plaintiff will need to file an acceptable complaint before proceeding further.

The clerk is directed to send a copy of this order to plaintiff remove docket numbers 5 and 12 from the court's calendar, and to note the **April 28th, 2006** due date on the court's calendar.

DATED this 16th day of March, 2006.

<u>/S/ J. Kelley Arnold</u>
J. Kelley Arnold
United States Magistrate Judge

ORDER
Page - 2