UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL D. MILAM,

    Plaintiff,

v.

PIERCE COUNTY *et al.*,

    Defendants.

Case No. C05-5842FDB

ORDER STRIKING ALL PENDING MOTIONS AND EXTENDING THE DEADLINE TO FILE A PROPER COMPLAINT

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff has applied for and received *in forma pauperis* status. (Dkt. # 7).

    This action was first filed in late December of 2005. In January of 2006 plaintiff was granted *in forma pauperis* status. (Dkt. # 7). The original complaint is not a model of clarity and it appeared to the court plaintiff was attacking an ongoing criminal prosecution. Plaintiff complained of a warrant allegedly issued by the Pierce County Prosecutors Office. (Dkt. # 8). He does not explain what the warrant was for or how the warrant affected him. The court liberally construes a pro se pleading but cannot supply facts the plaintiff does not put in his complaint. Pena v. Gardner, 976 F.2d 469 (9th Cir. 1992).

    The court entered an order to show cause. (Dkt. # 11). In response plaintiff has filed an

ORDER
Page - 1

amended complaint. (Dkt. # 13). In the amended complaint plaintiff indicates he was offered some kind of settlement by Pierce County and again mentions a "warrant" but plaintiff provided no details. The court entered a second order to amend. In response plaintiff has filed three motions, a motion for damages in which he indicates he should be free, a motion for counsel, and a motion asking for a response to his amended complaint and for a deposition. (Dkt. # 15, 16, and 17).

In plaintiff's motion for a response and request for damages plaintiff alludes to facts that were not placed before the court before. Plaintiff speaks of a felony detainer being entered against him in error by Pierce County Officials. He alleges loss of custody from medium to close and he speaks of retaliation. (Dkt. # 15 and 17). Plaintiff says that from December 6, 2004 till November 18th, 2005 he suffered mental anguish. Apparently the Washington State Court of Appeals granted him some form of relief in November of 2005, although again, plaintiff provides no details. (Dkt. # 17).

Plaintiff has been provided two opportunities to cure the defects in his complaint and he has not done so. Plaintiff should start at the beginning, when a warrant or detainer was issued, and tell the court what happened and who was involved. Without the facts in a complaint the court cannot evaluate the case. Plaintiff must plead factual allegations with specificity; vague and conclusory allegations fail to state a claim for relief. <u>Colburn v. Upper Darby Township</u>, 838 F.2d 663, 666 (3rd Cir. 1988).

Plaintiff will have until **June 9th, 2006** to file the second amended complaint. Plaintiff is warned that this is the last opportunity the court intends to give him to file a proper complaint and failure to follow the courts instructions will result in dismissal for failure to state a claim which counts as a strike under the Prison Litigation Reform Act.

The clerk is directed to send a copy of this order to plaintiff remove docket numbers 15, 16, and 17 from the court's calendar, and to note the **June 9th, 2006** due date on the court's calendar.

DATED this 10th day of March, 2006.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER
Page - 2