1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL MILAM,

               Plaintiff,

      v.

PIERCE COUNTY *et al.*,

               Defendants.

Case No.  C05-5842FDB

REPORT AND
RECOMMENDATION

**NOTED FOR**
**November 3rd, 2006**

     This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Plaintiff is  proceeding *in forma pauperis*.  Before the court is a motion to dismiss filed by one, but not all, of the named defendants (Dkt # 31).

<u>FACTS AND PROCEDURAL HISTORY</u>

     Pierce County and the Pierce County Prosecutor's Office along with Susan Lay and "Risk Management" were named as defendants in the original proposed complaint filed in December of 2005 (Dkt. # 1).  Plaintiff was granted *in forma pauperis* status on January 27th, 2006 (Dkt. # 7).  One month later, on February 27th, 2006 plaintiff filed an Amended Complaint (Dkt. # 13).  The Amended Complaint does not name either Pierce County or the Pierce County Prosecutor's Office as defendants (Dkt., # 13).  Both Pierce

County and the Pierce County Prosecutor's Office were terminated from this action on February 27th, 2006 when the Amended Complaint was filed.  See, CM/ECF Docket Sheet.  The termination of a defendant does not automatically change the case caption.

The named defendants in this action are Jane Doe, Colby Richards, and Susan Lay (Dkt. # 13).  Colby Richards is a person working for Pierce County Risk Management and Susan Lay is a Washington State Department of Corrections records officer. Information as to whom Mr. Richards works for is found in an attachment to the Amended Complaint (Dkt. # 13, page 4).  In this attachment Mr. Richards offers plaintiffs a one time offer of $2000.00 in settlement of a claim he had against a county entity.  The $2000.00 would be credited against money Mr. Milam owes the county in under cause number 011053126 (D.t. # 13, page 4).  Mr. Richards works for Pierce County Risk Management.  It is not clear what the offer of settlement is for or what claim Mr. Milam submitted to the Pierce County Risk Management Office.

In response to an order to amend his complaint, plaintiff filed a document titled "Fact findings to original complaint" (D.t. # 19).  In the caption for this pleading he designates the defendants as Pierce County *et al.*  It is in this document that plaintiff articulates the claim now before the court.  Plaintiff alleges that, through error, a Pierce County warrant for a misdemeanor was entered into the Washington State Criminal Information Center as a felony warrant (Dkt. # 19).  A detainer was issued and Washington State Department of Corrections records personnel, Susan Lay, served the detainer on Mr. Milam (Dkt. # 19).  There is no allegation Susan Lay played any part in entering the alleged incorrect warrant into the Washington State Criminal Information Center.

As a result of the detainer, Mr. Milam's custody level was demoted and he was moved from a minimum camp setting to a more secure environment.  Pierce County and Mr. Richards now move to dismiss the action claiming lack of jurisdiction over the person, insufficiency of service of process, and failure to state a claim.

DISCUSSION

The first two arguments regarding lack of jurisdiction and service of process appear to be filed under the belief Pierce County and the Pierce County Prosecutor's Office are named defendants.  As they are not named defendants the court will not address any arguments with regard to these entities.

Service by mail upon Mr. Richards, where the service is accepted, is sufficient for the court to obtain *in personam* jurisdiction over him and acts as a waiver of formal service of process.  However, the file does not

reflect that Mr. Richards ever waived formal service.  Federal Rule of Civil Procedure 4 (m)  indicates that if service of a summons and complaint is not made within 120 days of filing the court shall dismiss without prejudice unless the plaintiff can show good cause why service was not made within that time.  Ignorance of the rules is not good cause.  <u>Townsel v. County of Contra Costa</u>, 820 F.2d 319, 320 (9th Cir.1987).  Here, plaintiff is proceeding *in forma pauperis*.  The United States Marshals Service is responsible for perfecting service of process.  Thus, plaintiff has shown good cause for not serving within the 120 day time frame.

The standard of review for dismissal under Fed. R. Civ. P. 4 (m) is abuse of discretion.  The Court has discretion in deciding if dismissal is proper.  <u>Wei v. State of Hawaii</u>, 763 F.2d 370, 371 (9th Cir. 1985).  The 9th Circuit has indicated that failure to comply with the service requirements does not mandate dismissal and the rule should be given liberal and flexible construction as long as the defendant receives sufficient notice of the complaint.  <u>United Food & Commercial Workers Union v. Alpha Beta Co.</u>, 736 F.2d 1371, 1382 (9th Cir. 1984).  Failure to follow technical requirements does not warrant dismissal where "(a) the party that had to be served personally received actual notice, (b) the defendants would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed."  <u>Borzeka v. Heckler</u>, 739 F.2d 444, 447 (9th Cir. 1984).  In <u>Borzeka</u> default judgment was entered against a government entity who did not accept service by mail.  The default judgment was later set aside but the court did not dismiss the action for failure to perfect service.

Mr. Richards received actual notice and has filed a motion to dismiss that goes beyond service issues and addresses the affirmative defense of failure to state a claim.  The court has obtained *in personam* jurisdiction over this defendant by his filing this motion.  The court will now consider the failure to state a claim argument.

According to plaintiff's attached letter Mr. Richards works for the Pierce County Risk Management Office (Dkt. # 13, page 4).  There is no allegation Mr. Richards played any part in entering the allegedly incorrect warrant information into the Washington State Criminal Information Center.  <u>See</u>, Amended Complaint and supplemental facts (Dkt. # 13 and 19).

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct com-

plained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Plaintiff does not state a claim against defendant Richards. While the court liberally construes the pleadings of a pro se plaintiff, the court may not supply essential elements to a complaint or add facts that have not been alleged. Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). Mr. Milam has no constitutional right to force Pierce County to settle a claim against it, and he fails to show Mr. Richards has violated any duty or right owed to him. There is no allegation Mr. Richards played any part in the alleged constitutional violation. The only possible allegation is that he became aware of the allegations and offered a settlement on behalf of a Pierce County entity (Dkt. # 13, page 4).

A court should dismiss a claim under Fed.R.Civ.P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), *citing*; Conley v. Gibson, 355 U.S. 41, 45-56 (1957). Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Plaintiff has not alleged any facts that would implicate Mr. Richards in his action. Further, as defendants note on page 8 of the Motion to Dismiss, Mr. Milam has no constitutional right to be housed at any particular level of custody or at any particular prison (Dkt. # 31, page 8). Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976); Hewitt v. Helms, 459 U.S. 460 (1983) (Dkt. # 31, page 8).

However, plaintiff may have a claim under the Fourteenth Amendment to have correct information in his files or state records. Thus, this action should not be dismissed without giving plaintiff a final chance to state a claim.

The undersigned recommends that the Motion to Dismiss be **GRANTED** as to Mr. Richards. That

leaves Susan Lay, The Washington Department of Corrections records officer and a Jane Doe as the only named defendants in this action.  Plaintiff should be given thirty days to file a Second Amended Complaint. If that complaint fails to state a cause of action against an identifiable and named person, this action should be dismissed. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 3rd, 2006**, as noted in the caption.

DATED this 17th, day of October, 2006.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 5