UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL MILAM,<br><br>                    Plaintiff,<br><br>         v.<br><br>PIERCE COUNTY *et al*.,<br><br>                    Defendants. | Case No.  C05-5842FDB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR**<br>**June 8, 2007** |

      This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Plaintiff is proceeding *in forma pauperis*.  Before the court is a motion to dismiss filed by the only remaining defendant, Susan Lay (Dkt # 45).  Plaintiff has not responded to the motion.

FACTS AND PROCEDURAL HISTORY

      Pierce County and the Pierce County Prosecutor's Office along with Susan Lay and "Risk Management" were named as defendants in the original proposed complaint filed in December of 2005 (Dkt. # 1).  Plaintiff was granted *in forma pauperis* status on January 27, 2006 (Dkt. # 7).  One month later, on February 27, 2006, plaintiff filed an Amended Complaint (Dkt. # 13).  The Amended Complaint does not name either Pierce County or the Pierce County Prosecutor's Office as defendants (Dkt., # 13).  Pierce County and the Pierce County Prosecutor's Office were terminated from this action on February 27, 2006 when the Amended Complaint was filed.  See, CM/ECF Docket Sheet.

REPORT AND RECOMMENDATION
Page - 1

1  Susan Lay is a Washington State Department of Corrections records officer. In response to an order to
2  amend his complaint, plaintiff filed a document titled "Fact findings to original complaint" (Dkt. # 19). It is in
3  this document that plaintiff articulates the claim now before the court. Plaintiff alleges a Pierce County warrant
4  for a misdemeanor was erroneously entered into the Washington State Criminal Information Center as a felony
5  warrant (Dkt. # 19). A detainer was issued and Susan Lay, served the detainer on Mr. Milam (Dkt. # 19).
6  There is no allegation Susan Lay played any part in entering the alleged erroneous warrant into the Washington
7  State Criminal Information Center.
8  As a result of the detainer, Mr. Milam's custody level was demoted and he was moved from a minimum
9  camp setting to a more secure environment.

## DISCUSSION

11 Plaintiff's failure to respond to the motion is significant. Under Local Rule 7 (b)(2) failure to
12 respond is an admission that the motion has merit. Defendant argues Mr. Milam has no constitutional right
13 to be housed at any particular level of custody or at any particular prison and cite Meachum v. Fano, 427
14 U.S. 215 (1976); Hernandez v. Johnson, 833 F.2d 1316, 1318 (9th Cir. 1987) (Dkt. # 45, page 4).
15 Plaintiff has not alleged facts showing Defendant Lay violated any right or duty owed to the
16 defendant by serving him a copy of a detainer that other persons had entered into the system, even if the
17 detainer was placed into the system by error.
18 The undersigned recommends that the Motion to Dismiss be **GRANTED** as to Susan Lay, the last
19 named defendant. A proposed order accompanies this Report and Recommendation.
20 Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
21 parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ.
22 P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v.
23 Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to
24 set the matter for consideration on **June 8, 2007**, as noted in the caption.

26 DATED this 23, day of May, 2007.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2